# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMPSON, ) | Case No. CV 09-4742 CAS (JCG) |
| Petitioner, ) | |
| ) | ORDER ADOPTING REPORT AND |
| v. ) | RECOMMENDATION OF UNITED |
| ) | STATES MAGISTRATE JUDGE AND |
| TIMOTHY E. BUSBY, Warden, ) | DENYING CERTIFICATE OF |
| ) | APPEALABILITY |
| Respondent. ) | |
| ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

Petitioner's objection that the Magistrate Judge applied the wrong "some evidence" standard in reviewing the parole decision, (Objections at 2-4), is without merit. Contrary to Petitioner's contention, the Magistrate Judge did not apply a federal standard articulated in *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985), that is materially different than California's "some evidence" standard. Instead, the Magistrate Judge correctly noted on page ten of the Report and Recommendation that the California Supreme Court referenced *Hill* when it reaffirmed that the "some evidence" standard applies to review of California parole decisions. *See In re Lawrence*, 44 Cal. 4th 1181, 1205 (2008) (quoting language

from *Hill*).  The Magistrate Judge found that the Board of Parole Hearings' decision finding Petitioner unsuitable for parole was supported by "some evidence" under the standard set forth in *In re Lawrence*, 44 Cal. 4th at 1227-28, and *In re Shaputis,* 44 Cal. 4th 1241, 1260-61 (2008).  (*See* Report and Recommendation at 14.)

      Petitioner's remaining objections also fail to carry the day.  Essentially, Petitioner objects that some of the factors relied on by the Board – his commitment offense, his recent disciplinary history, and his "outdated" 2003 psychological evaluation – do not support the Board's finding that Petitioner was unsuitable for parole at the time of the decision.  (Objections at 4-9.)  He contends that the Magistrate Judge and the Board failed "to address [his] more recent positive programming and to view his rule violations in light of his increased compliance with institutional rules."   (Objections at 5.)  But the Board did consider Petitioner's recent programming.  (Pet., Ex. D at 64-65.)  The Board also noted that Petitioner's psychological evaluation was from 2003.  (Pet., Ex. D at 65.)

      On the other hand, the Board also took into account Petitioner's criminal history prior to the commitment offense, his 1990 assault on another inmate with scalding water in response to minimal provocation, and his additional eleven rules violation reports, including two he received in 2004, *after* the 2003 psychological evaluation.  (Pet., Ex. D at 61-68.)  For these reasons and the other reasons set forth in the Report and Recommendation, the Board's decision that Petitioner was not suitable for parole because he would pose an unreasonable risk of danger to society if released was supported by "some evidence."  *See In re Lawrence*, 44 Cal. 4th at 1227-28; *In re Shaputis*, 44 Cal. 4th at 1260-61.

      Accordingly, IT IS ORDERED THAT:

      (1) the Report and Recommendation is approved and adopted;

      (2) judgment be entered denying the Petition and dismissing this action with prejudice; and

1  (3) the Clerk serve copies of this Order and the Judgment on the parties.

2  Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: September 29, 2010

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE